E-FILED
Thursday, 22 February, 2018  10:07:27 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| D'ANGELO NUNEZ,  Plaintiff, | ) ) ) | |
| v. | ) ) | 18-CV-1018 |
| C.O. DURANGO, et al.,  Defendants. | ) ) ) | |

## MERIT REVIEW OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

Plaintiff proceeds pro se from his incarceration in a federal prison in Phoenix, Arizona. His Complaint, which concerns incidents in a federal prison in Pekin, Illinois, is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.  This section requires the Court to identify cognizable claims stated by the Complaint or dismiss claims that are not cognizable.[1]  In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor and taking Plaintiff's pro se status into account.  Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013).  However, conclusory statements and labels are

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis unless the prisoner is under "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" <u>Alexander v. U.S.</u>, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges that after he arrived at the Pekin Federal Correctional Institution, Defendants arranged for or enabled other prisoners to steal Plaintiff's property and to sell that property to other prisoners in the Institution. Plaintiff seems to allege that Defendants did this in retaliation for another lawsuit filed by Plaintiff in Texas which remains pending. <u>Nunez v. Jones, et al.</u>, 16-cv-00034 (E.D. Tex.). Plaintiff also alleges that one of the Defendants took a cut of the money from the sale of Plaintiff's stolen property.

Plaintiff arguably states a due process claim based on the intentional deprivation of his property. The claim may not be viable if Plaintiff had other post-deprivation remedies available to him, <u>Hudson v. Palmer</u>, 468 U.S. 517, 533 (1984), but that cannot be determined on the present record. As for his retaliation claim, Plaintiff does not explain the basis for his belief that Defendants, who work at the federal prison in Illinois, would harbor retaliatory motive for a lawsuit filed in Texas against different Defendants

about an incident that occurred in 2012. For now, though, both claims will remain in the case, subject to a motion to dismiss.

**IT IS THEREFORE ORDERED:**

    1)    Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a retaliation claim and a due process claim based on the alleged intentional deprivation of his property. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

    2)    This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

    3)    The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from

the date the waiver is sent to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file a responsive pleading within 60 days of the date the waiver is sent by the Clerk.

6) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk.  Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff

has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

    7)    Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

    8)    Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

    9)    If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S.

Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10) **The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, if not already done.**

11) **The clerk is directed to send waivers of service to Defendants at the Pekin Federal Correctional Institution.**

12) **The clerk is directed to serve the United States pursuant to Fed. R. Civ. P. 4(i)(1) by: (1) sending a copy of the Complaint and this order to the United States Attorney for the Central District; and, (2) by sending a copy of the Complaint and this order to the Attorney General of the United States at Washington, D.C.**

ENTERED: 2/22/2018

FOR THE COURT:

                               s/Sue E. Myerscough
                               SUE E. MYERSCOUGH
                               UNITED STATES DISTRICT JUDGE