UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| D'ANGELO NUNEZ, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | 18-CV-1018 |
| | ) | |
| C.O. DURANGO, et al., | ) | |
|     Defendants. | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

Plaintiff proceeds pro se from his incarceration in a federal prison in Phoenix, Arizona. He alleges that after he arrived at the Pekin Federal Correctional Institution, Defendants arranged for or enabled other prisoners to steal Plaintiff's property and to sell that property to other prisoners in the Institution. Plaintiff seems to allege that Defendants did this in retaliation for another lawsuit filed by Plaintiff in Texas. *See* Nunez v. Jones, et al., 16-cv-00034 (E.D. Tex.). Plaintiff also alleges that one of the Defendants took a cut of the money from the sale of Plaintiff's stolen property. The Court found that Plaintiff stated a retaliation claim and a due process claim based on the alleged intentional deprivation of his property.

Defendants move for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies. However, Defendants do not explain what steps Plaintiff needed to take to exhaust his remedies. Additionally, Defendants rely on a summary of Plaintiff's grievances and a summary of the fate of those grievances. The only actual grievances and responses in the record are submitted by Plaintiff. The documents submitted by Plaintiff show that Plaintiff was instructed to file a tort claim, which he did. Administrative remedies may be effectively unavailable if prison officials "erroneously inform an inmate that the remedy does not exist or inaccurately describe the steps he needs to take to pursue it." Pavey v. Conley, 663 F.3d 899, 906 (7th Cir. 2011). Defendants have not met their burden of showing that Plaintiff failed to exhaust or that an evidentiary hearing is required.

Defendants also argue that the Supreme Court case of Ziglar v. Abbasi, 137 S.Ct. 1843 (2017) requires dismissal of Plaintiff's First Amendment retaliation claim. The Supreme Court in Zigler declined to extend *Bivens* actions to claims by alien detainees regarding their federal detention after the September 11 attacks. The Court "expressed caution" about extending a *Bivens* remedy,

recounting its history of restricting *Bivens* to a small subset of constitutional violations by federal actors.

Defendants make strong arguments, but Defendants acknowledge that the Seventh Circuit Court of Appeals has already recognized, or at least assumed, a *Bivens* remedy for a federal prisoner's First Amendment retaliation claim. Babcock v. White, 102 F.3d 267 (7th Cir. 1996). Defendants may be correct that the Seventh Circuit may reexamine this approach, but this Court is bound to follow Seventh Circuit precedent. Additionally, this Court may not need to even address the question if Plaintiff's retaliation claim fails on its merits. Defendants may raise the argument again at the summary judgment stage.

**IT IS THEREFORE ORDERED:**

1)      Defendants' motion for summary judgment on exhaustion is denied. (d/e 17.)

2)      Plaintiff's motion to file an amended complaint is denied because Plaintiff has not attached his proposed amended complaint. (d/e 29.) If Plaintiff seeks to file an amended complaint, he must file a motion for leave, attaching the amended complaint and explaining how the amended complaint is different from the

original complaint.  The proposed amended complaint must set forth all claims against all defendants because, if allowed, the amended complaint will completely replace the original complaint.

3)   The discovery stay is lifted.

4)   Discovery closes March 18, 2019.

5)   Dispositive motions are due April 15, 2019.

ENTERED:  1/8/2019

FOR THE COURT:

**s/Sue E. Myerscough**
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE